```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**CALVIN BUTLER,**

    **Movant,**

**v.**                                    **Case No. 2:07-cv-00780**
                                          **Case No. 2:06-cr-00044**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On December 3, 2007, Movant, Calvin Butler ("Defendant"), filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket # 111).  By standing order, the presiding District Judge referred the motion to this United States Magistrate Judge for submission of proposed findings and recommendation for disposition.

## PROCEDURAL HISTORY

On February 28, 2006, an indictment was returned against Defendant, charging him with one count of possessing with intent to distribute 50 grams or more of cocaine base (Count One), in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime (Count Two), in violation of 18 U.S.C. § 924(c)(1)(A).  (Indictment, # 13.)  On August 22, 2006, the United States filed an information, charging Defendant with possession with intent to distribute five grams or

more of cocaine base (# 77).

On August 28, 2006, Defendant entered guilty pleas to Count Two of the indictment and to the information, pursuant to a plea agreement (## 80-85).

On February 5, 2007, after a change in defense counsel, Defendant was sentenced by the presiding District Judge, the Hon. Robert C. Chambers, to serve 108 months on Count Two, with a consecutive term of 60 months on the information, to be followed by a five year term of supervised release.  Judge Chambers also imposed a $2,000 fine, and a $200 special assessment.  The Judgment was entered February 7, 2007 (# 107).  No direct appeal was taken.

## GROUNDS FOR RELIEF

Defendant's sole ground for relief is his claim that he should not have received three criminal history points for a conviction in the Court of Common Pleas in Philadelphia, PA in 1991 [*verbatim*]:

> Petitioner challenges the District Court's reliance on the Presentence report over the objection of the defense counsel, to find that Petitioner's previous conviction for which he received credit for time served and immediate parole which resulted in a suspended sentence and Petitioner being place on 3 year supervision, counted as a prior sentence pursuant to USSG 4A1.1(a). Petitioner was incarcerated for only 3 days on the 3 to 23 month sentence before being released on his own recognances and served no additional time on the charge upon the sentence being suspended and the 3 years supervision being imposed. Petitioner argues that the prior conviction should not have been counted as the sentence should be considered "totally suspended" as the three days spent in jail was time spent in custody initially and upon arrest prior to Petitioner being ROR'ed. Even if the prior conviction was to be considered "partially suspended," §4A1.2(b)(2) would prevent the Court from counting the 3 days Petitioner

> spent in prison from counting as a prior sentence.
>
> Finally, Petitioner argues that even if the previous offense could qualify as a previous sentence the District Court erred when it relied on Petitioner's previous conviction as the sentence was imposed more than 10 years of the defendant's commencement of the instant offense and as such the District Court was precluded from using the conviction pursuant to USSG §§ 4A1.2(e)(2) and (3).

(Motion, # 111, at 2-3.) Defendant argues that, because he was under the age of 18 when he committed the Philadelphia offense, the offense counts as a "prior sentence" only if the sentence was imposed within five years of the instant offense, citing USSG § 4A1.2(d). Id., at 7. Defendant also contends that except for the three days of pre-hearing detention, his sentence was suspended, and the suspended portion should not be counted. Id., at 8. On January 4, 2008, Defendant submitted a copy of his record in the Pennsylvania proceedings (# 117).

The government's response asserts first, that this is a non-constitutional claim that was not presented on direct appeal and was procedurally defaulted, citing Stone v. Powell, 428 U.S. 465, 477 n.10 (1976), and second, that Defendant's criminal history was correctly calculated with respect to the Philadelphia conviction. (Response, # 121, at 3.) The United States provided exhibits in support. Its response pointed out that several different birthdates are shown on Pennsylvania records relating to Defendant. Id., at 6.

On April 21, 2008, Defendant filed a reply, attaching a copy

3

of his certificate of birth, which shows his birthday to be May 29, 1973 (# 126).

On September 8, 2008, the government filed a Supplemental Response which argues that Defendant was convicted in 1991 as an adult and received a sentence exceeding one year and one month, and that Defendant cannot collaterally attack his Pennsylvania conviction in a West Virginia Federal court (# 135).

On November 14, 2008, Defendant filed a Reply which asserts that the government's supplemental response is untimely and should be stricken, and that his defense attorney rendered ineffective assistance of counsel by failing to raise the age issue before the District Court, and by failing to take a direct appeal to the Fourth Circuit. (# 136, at 3-4.) This document is the first time that Defendant has complained about his attorney's failure to take a direct appeal, and the court will not address it at this late date.

## Procedural Default

In United States v. Mikalajunas, 186 F.3d 490, 492 (4th Cir. 1999), the Fourth Circuit addressed a claim which is virtually identical to that raised by Defendant, that is, counsel's failure "to preserve an allegation of error with respect to, and to appeal, the application of [a Sentencing Guidelines] enhancement." In that case, the lack of an appeal on the alleged Guidelines application error resulted in the defendant serving a longer sentence than was

4

mandated. The Fourth Circuit summarized the long-established limitations on collateral challenges to issues not raised on appeal.

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Frady,* 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed.2d 816 (1982); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 239, 91 L. Ed.2d 397 (1986). And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. *See id.* at 496, 106 S. Ct. 2639.

186 F.3d at 492-93.

The Fourth Circuit rejected the Sixth Amendment argument, citing to *Smith v. Murray*, 477 U.S. 527, 535, 106 S. Ct. 2661, 91 L. Ed.2d (1986), and its recognition "that the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." 186 F.3d at 493. The court was similarly unpersuaded by the argument that a defendant could be "actually innocent" of a Guideline enhancement. "We conclude that under the reasoning of *Maybeck* actual innocence applies in non-capital sentencing only in the context of

eligibility for application of a career offender or other habitual offender guideline provision." Id., at 495. Finally, the court addressed whether a misapplication of the Sentencing Guidelines constitutes a miscarriage of justice sufficient to support § 2255 relief. After reviewing decisions from other circuit courts of appeals, it held: "We join our sister circuits in holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice." Id., at 496. Relief was denied.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's ground for relief has been procedurally defaulted.

## Application of the Guidelines

It is undisputed that Defendant was born on May 29, 1973. His presentence report prepared for his West Virginia federal prosecution reflects a variety of birthdates. Page 3 of the report accurately reports his date of birth as May 29, 1973, and lists the following false dates of birth: 5/29/70, 5/25/72, 4/25/75, and 5/5/75.

When he was arrested and charged in Philadelphia on January 29, 1991, he was seventeen years old. The Philadelphia record indicates that his date of birth was 5/29/70 (# 117, at 2.) The handwritten record of his plea and sentencing on September 17, 1991, to a charge of retaliation against a witness, states: "Nolo contendere plea. I, Calvin Butler, plead guilty. Plea accepted.

Guilty verdict entered. Sentenced to not less than 3 months nor more than 23 months county prison. Parole today with strict supervision. Pay $100 costs, $15 VCF, $10 DWF and $5 JCP within 60 days." Id. According to Defendant, he served three days in jail before being released on a personal recognizance bond. (# 111, at 2.)

The criminal history chapter of the Sentencing Guidelines provides, in pertinent part, as follows:

> **(d) Offenses Committed Prior to Age Eighteen**
>
> > (1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add **3** points under §4A1.1(a) for each such sentence.
> >
> > (2) In any other case,
> >  (A) add **2** points under §4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;
> >  (B) add **1** point under §4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).
>
> **(e) Applicable Time Period**
>
> > (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

7

>    (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.
>
>    (3) Any prior sentence not within the time periods specified above is not counted.
>
>    (4) The applicable time period for certain sentences resulting from offenses committed prior to age eighteen is governed by §4A1.2(d)(2).

United States Sentencing Commission, Guidelines Manual, §4A1.2 (Nov. 2006).

The Commentary to §4A1.2(d) explains that "for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted." USSG §4A1.2, comment. (n.7).

Defendant's presentence report assigned 3 criminal history points to the Philadelphia conviction, citing to USSG §4A1.1(a), which states, "Add **3** points for each prior sentence of imprisonment exceeding one year and one month." (Presentence Report, ¶ 32, at 8.)

The West Virginia offense commenced on February 2, 2006. (Indictment, # 13; information, # 77.) The Philadelphia offense was committed on January 29, 1991 (# 117, at 2), which is fifteen years and three days before the West Virginia offense. The

8

sentence for the Philadelphia offense was <u>imposed</u> on September 17, 1991, which is less than fifteen years before the commencement of the West Virginia offense.

Whether one relies on Defendant's erroneous birthdate and USSG §4A1.1(a), or on Defendant's correct birthdate and USSG §4A1.2(d)(1), the result is the same: the sentence imposed exceeded one year and one month; the sentence was imposed within fifteen years of the defendant's commencement of the West Virginia offense; and 3 criminal history points apply to the Philadelphia conviction. The fact that Defendant was paroled on the day that the sentence was imposed does not mean that his sentence was suspended. He was sentenced and immediately paroled "with strict supervision," thus indicating the Philadelphia judge's belief that Defendant would benefit by close supervision with the threat of a return to prison. Defendant's arguments that his age at the time of the Philadelphia offense, and his serving only three days of pre-hearing detention, affect the criminal history point assignment are simply unpersuasive. The critical fact is the length of the sentence which was imposed, not the amount of time which Defendant served on the sentence. Defendant's West Virginia attorney presented an objection and argument, attempting to avoid the three criminal history points which Defendant earned, but the presiding District Judge was correct in overruling the objection. (# 121-2, Exhibit 1, Tr. Disp. Hrng, at 4-6.) Accordingly, the undersigned proposes

that the presiding District Judge **FIND** that Defendant's criminal history was correctly calculated.

### RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Court deny Movant's Motion filed pursuant to 28 U.S.C. § 2255, and dismiss this matter from the docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers, and this Magistrate Judge.

    The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, Calvin Butler, and to transmit it to counsel of record.

 January 13, 2009 
      Date

Mary E. Stanley
United States Magistrate Judge